OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, without costs.
The resolution of conflicts in the proof, involving as it principally did issues of credibility, was properly left to the jury, and appellant now points to no errors of law requiring disturbance of the jury’s verdict.
We decline, the invitation of appellant to reconsider what he concedes is the present rule of law in New York, namely, that, if the jury finds that the owner of a motor vehicle has forbidden its user to carry any passenger in the vehicle, the owner is not liable to a person who nevertheless is permitted to ride as a passenger for injuries suffered in consequence of the negligent operation of the vehicle by the user. (See PJI 2:247, and associated comment.)
As to asserted errors on the part of the trial court, it appears either that the issues sought to be raised were not preserved for our review, or that, if preserved, they are without merit. The pertinent provisions of the Federal Transportation Act and rules of the New York State Public Service Commission restricting transportation of unauthorized persons were read to the jury. The contention now advanced that the trial court erroneously failed to instruct the jury as to the relation of such rules to the issues presented in the case has not been preserved for our review in consequence of the. failure of appellant to request a pertinent charge or to object on this ground to the instructions as given by the court. Proffered testimony by appellant as to conversations he assertedly had with Jenkins, the deceased driver, was properly excluded as hearsay and therefore not binding on defendants. *723 The photograph of Tractor No. 34, the "sister tractor” to No. 35 (which was completely destroyed in the accident), was properly admitted in evidence on the basis of testimony, including that of appellant himself, that the photograph, although not of Tractor No. 35, was nonetheless a fair and accurate representation of the tractor involved in the accident. By counterpoint no error was committed in failing to admit four police photographs as to which the only witness interrogated was unable to say whether they represented a true and fair representation of the vehicle at the time — if, indeed, it may be taken that such photos were ever formerly offered in evidence. Finally no protest was raised at trial as to the court’s marshaling of the evidence on which now to base an assertion that undue emphasis was placed by the trial court on. conversations between other employees of defendant Derrico and Jenkins, the deceased driver.
We have examined appellant’s other contentions and find them to be without merit.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order affirmed.