■ MARGARET E. LEWIS, Respondent, v GENERAL ELECTRIC COMPANY et al., Appellants.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Lynch, J.), entered January 14, 1988 in Schenectady County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff, injured in a motor vehicle collision on August 8, 1984, subsequently commenced the instant personal injury suit. Defendants moved for summary judgment, asserting that plaintiff had not been seriously injured within the meaning of Insurance Law § 5102 (d). Supreme Court denied the motion, finding that issues of fact remained with respect to whether a scar on plaintiff's left knee is a significant disfigurement and whether her claimed limitation of use of both legs constituted a significant limitation of a body function or system.

In an affirmed as true letter report dated May 19, 1986, defendants' medical expert described plaintiff's scar as a "slight pigment change in a 1 cm square area". By contrast, in a transcript of plaintiff's deposition, offered in opposition to defendants' motion, plaintiff described the scar as an "[i]nch and a half long" and noticeable. Also submitted to Supreme Court on her behalf was a color photograph purportedly taken of the scar in October 1986, but as no affidavit attesting to the fact that the photograph was a fair and accurate representation of how the scar appeared at that or any other time accompanied the photograph, it is not evidence in admissible form (see, Moore v Leaseway Transp. Corp., 49 NY2d 720, 723; Fisch, NY Evidence § 142, at 82-83). There being no apparent excuse for failing to meet the requirement that the evidence tendered be in admissible form (see, Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1068), this issue has been effectively reduced to determining whether plaintiff's testimony that she has a 1½-inch noticeable scar creates a question of fact regarding significant disfigurement. This is not an issue requiring medical expertise, and without properly authenticated color photographs the discrepancy between the two descriptions of the scar advanced on behalf of the parties cannot readily be resolved. Given that this court has ruled that similarly sized scarring on the knee could be sufficiently unattractive or objectionable so as to subject plaintiff to pity or scorn, thus constituting a significant disfigurement (see, Salvage v Delacruz, 100 AD2d 707), defendants have failed to carry this issue as a matter of law.

As to the only other contention which bears mention, namely did plaintiff sustain significant limitation of a body function or system, we note, without reaching the merits of the letter report of plaintiff's medical expert, that it too is not in admissible form and would therefore be incapable of withstanding a motion for summary judgment (see, Callas v Malone, 135 AD2d 1016, 1017).

Order affirmed, with costs. Weiss, J. P., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.