■ ANGELA WILLIAMS, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Defendant, CITY OF NEW YORK, Respondent, and L.A. WENGER CONTRACTING CO., INC., Appellant. [615 NYS2d 754] —In an action to recover damages for personal injuries, the defendant L.A. Wenger Contracting Co., Inc. appeals from an order of the Supreme Court, Kings County (Greenstein, J.), entered March 16, 1993, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as they are asserted against the defendant L.A. Wenger Contracting Co., Inc., and the action against the remaining defendants is severed.

On the evening of December 5, 1988, the plaintiff Angela Williams was injured when she fell through a missing or defective sidewalk subway grating near the Utica Avenue subway station in Brooklyn. The plaintiff subsequently commenced this negligence action against the City of New York, the New York City Transit Authority, and L.A. Wenger

Contracting Co., Inc. (hereinafter L.A. Wenger), a contractor which was performing work at the Utica Avenue subway station on the date of the accident.

On appeal, L.A. Wenger contends that the Supreme Court erred in denying its motion for summary judgment because there is no evidence that the renovation work it was performing inside the Utica Avenue station was related to the plaintiff's accident. We agree. L.A. Wenger sustained its initial burden of establishing its entitlement to judgment as a matter of law by submitting evidence which demonstrated that at the time of the accident, it was performing tile and plumbing work inside the station which had no connection to the subway gratings located on the sidewalk above the station. The burden thus shifted to the plaintiff and the other defendants to "produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact" *(Zuckerman v City of New York,* 49 NY2d 557, 562). However, neither the plaintiff nor the defendant Transit Authority opposed the motion, and the defendant City of New York failed to demonstrate that material questions of fact exist as to whether any negligence on the part of L.A. Wenger caused or contributed to the plaintiff's accident. In this regard, we note that although the City submitted evidence of two summonses which were issued to L.A. Wenger after the accident for failing to place boards underneath a dumpster located on "the sidewalk area" near the station, there is no indication that the dumpster was placed over a subway grating, or that the dumpster caused a portion of the grating to weaken or collapse. Furthermore, the unauthenticated photographs submitted by the City, which purportedly demonstrated that L.A. Wenger placed construction materials on the sidewalk above the station at some unspecified point in time, did not constitute evidence in admissible form *(see, Moore v Leaseway Transp. Corp.,* 49 NY2d 720; *Lewis v General Elec. Co.,* 145 AD2d 728), and, in any event, were insufficient to defeat the motion for summary judgment. Accordingly, L.A. Wenger's motion for summary judgment dismissing the complaint and all cross-claims against it is granted. Thompson, J. P., Rosenblatt, Ritter, Friedmann and Krausman, JJ., concur.