■ Jose Gutierrez, Respondent, v David Cohen et al., Defendants, and Town of Islip, Appellant. (And Other Actions.) [643 NYS2d 121] —In an action to recover damages for personal injuries, the defendant Town of Islip appeals from an order of the Supreme Court, Suffolk County (Oshrin, J.), dated January 31, 1995, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the defendant Town of Islip, and the action against the remaining defendants is severed.

The plaintiff commenced this action to recover damages for injuries he sustained when he allegedly fell over a piece of metal that once housed a traffic sign which protruded from the ground above a sidewalk located approximately 50 feet southeast of the entrance to 21 Pineaire Drive, Bay Shore, New York. The Town of Islip (hereinafter the Town) moved for summary judgment based upon the plaintiff's failure to comply with the prior written notice requirements of Town Law § 65 -a and Islip Town Code § 47A-3. The plaintiff countered that no prior written notice was required since the Town itself affirmatively created the condition as evidenced through an admission by the Town's agent that work orders indicated that a sign was installed. The plaintiff also annexed two photographs which purportedly depicted the existence of a signpost as well as a signpost remnant protruding from the ground at the spot where he claimed he had fallen. The Supreme Court denied

the motion finding that the photographs, along with the Town's admission, created a question of fact regarding whether the Town created the defect. We now reverse.

In the absence of prior written notice, the plaintiff was required to demonstrate that the Town caused or created the condition in order to defeat the Town's motion for summary judgment (*see, Monteleone v Incorporated Vil. of Floral Park,* 143 AD2d 647, 648; *Radicello v Village of Spring Val.,* 115 AD2d 466). If an opponent is to succeed in defeating a motion for summary judgment, he must make his showing by producing evidentiary proof in admissible form (*see, Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067-1068). In the case at bar, the unauthenticated photographs submitted by the plaintiff did not constitute evidence in admissible form (*see, Williams v New York City Tr. Auth.,* 207 AD2d 444; *Lewis v General Elec. Co.,* 145 AD2d 728).

Furthermore, although the Town's Assistant Director of Traffic Safety admitted that in 1975 and 1981 the Town performed sign installation and removal on Pineaire Drive, he specifically stated that on both occasions the work was performed in excess of 250 feet away from the plaintiff's alleged injury site at 21 Pineaire Drive.

Under these circumstances the plaintiff failed to raise a triable issue of fact sufficient to defeat the Town's motion for summary judgment. Santucci, J. P., Altman, Krausman and Goldstein, JJ., concur.