■ MARTIN SAKS, Respondent, v YESHIVA OF SPRING VALLEY, INC., Appellant. [684 NYS2d 560] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Rockland County (Meehan, J.), dated May 7, 1998, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion for summary judgment is granted, and the complaint is dismissed.

On December 17, 1994, the plaintiff allegedly fell on a sidewalk owned or maintained by the defendant. The defendant, in support of its motion for summary judgment, submit-

ted proof which tended to establish that, as of December 17, 1994, the sidewalk in question was free of defects. In opposing this motion, the plaintiff relies essentially on the testimony he gave at the second of two depositions, during the course of which he identified certain photographs as being accurate depictions of the location of the fall. These photographs, however, were taken in June 1996, approximately 1½ years after the accident. The plaintiff did not testify that the supposedly defective condition reflected in the 1996 photographs was in fact substantially the same condition as that which existed in 1994.

Accordingly, there is no proof that this alleged defective condition existed either as of December 17, 1994, the date of the accident, or, as of any date sufficiently in advance of December 17, 1994, as to justify the inference that the defendant had constructive notice of it. Although the plaintiff testified that these photos depicted the scene of his accident, he did not actually testify that the condition of the sidewalk as shown in those photos was substantially the same as its condition on December 17, 1994, and these photos are therefore not competent evidence (*see, Davis v County of Nassau,* 166 AD2d 498, 499; *cf., Ruiz v 195 Prop. Assocs.,* 245 AD2d 224). Under these circumstances, the defendant is entitled to summary judgment (*see generally, Ferris v County of Suffolk,* 174 AD2d 70, 75-76; *see also, Mankowski v Two Park Co.,* 225 AD2d 673). Santucci, J. P., Altman, Friedmann and McGinity, JJ., concur.