■ David De La Rosa et al., Respondents, v New York City Housing Authority, Defendant and Third-Party Plaintiff-Appellant, et al., Defendants. City of New York, Third-Party Defendant-Respondent. [686 NYS2d 717] —In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff New York City Housing Authority appeals from an order of the Supreme Court, Kings County (Steinhardt, J.), dated October 31, 1997, which denied its motion for summary judgment dismissing the complaint, cross claims, and counterclaims of the third-party defendant insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint, cross claims, and counterclaims of the third-party defendant are dismissed insofar as asserted against the defendant third-party plaintiff New York City Housing Authority, and the action against the remaining defendants is severed.

In moving for summary judgment, the appellant met its initial burden of demonstrating that it lacked actual or constructive notice of an alleged defect located on a sidewalk owned or maintained by it (*see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851; *see also, Gordon v American Museum of Natural History,* 67 NY2d 836). In opposing the motion, the plaintiffs failed to establish the existence of material questions of fact with respect to the appellant's actual or constructive notice of the defect (*see, Gordon v American Museum of Natural History,* 67 NY2d 836, 837, *supra; Saks v Yeshiva of Spring Val.,* 257 AD2d 615; *Gutierrez v Cohen,* 227 AD2d 447). Under these circumstances, the appellant's motion for summary judg-

ment should have been granted. Santucci, J. P., Sullivan, Florio and McGinity, JJ., concur.