■ THOMAS AVELLA, Appellant, v JACK LaLANNE FITNESS CENTERS, INC., Respondent, et al., Defendant. [707 NYS2d 678]

—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Nassau County (Levitt, J.), entered March 5, 1999, as granted the motion of the defendant, Jack LaLanne Fitness Centers, Inc., for summary judgment dismissing the complaint insofar as asserted against it, and (2) a judgment of the same court, dated April 16, 1999, as dismissed the complaint insofar as asserted against Jack LaLanne Fitness Centers, Inc.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The respondent made a prima facie showing of entitlement to judgment as a matter of law. Thus, it was incumbent upon the plaintiff to come forward with admissible evidence to create an issue of fact (*see, Zuckerman v City of New York,* 49 NY2d 557). Since the plaintiff failed to do so the Supreme Court properly granted summary judgment to the respondent. The affidavit of the plaintiff's expert is of no probative value inasmuch as his opinion was based upon unauthenticated photographs which were taken over one year after the accident (*see, Cassano v Hagstrom,* 5 NY2d 643, 646; *cf., Gutierrez v Cohen,* 227 AD2d 447, 448). Moreover, the expert admitted that he never visited the accident site.

Further, there was no evidence that the respondent had actual or constructive notice of the alleged defect (*see, Gordon v American Museum of Natural History,* 67 NY2d 836). Santucci, J. P., McGinity, Luciano and Schmidt, JJ., concur.