■ VITO MARRIONE, Respondent, v STEPHEN FICANO ENTERPRISES, INC., Appellant. [715 NYS2d 747] —In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Price, J.), dated February 1, 2000, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, the motion is granted, and the complaint is dismissed.

After consuming alcoholic beverages in a public park, the plaintiff was allegedly injured when, while leaning against the defendant's wrought iron gate adjacent to a sidewalk, the gate opened causing the plaintiff's arm to become impaled upon a picket. The plaintiff commenced this action alleging, *inter alia*, that the defendant was negligent by permitting the latch on the gate to become and remain inoperable.

In moving for summary judgment, the defendant met its initial burden of demonstrating that it had not created the alleged defective condition of the gate or its latch, and that it did not possess actual or constructive notice thereof for such a period of time that, in the exercise of reasonable care, it should have been corrected (*see, De La Rosa v New York City Hous. Auth.,* 260 AD2d 424; *Roth v Spletzer,* 236 AD2d 599).

In opposition, the plaintiff failed to demonstrate the existence of a material issue of fact. The photographs upon which the plaintiff relied were taken approximately two years after the accident, and there was no proof that the allegedly defective condition of the gate as shown in the photographs existed at the time of the accident (*see, Saks v Yeshiva of Spring Val.,* 257 AD2d 615; *Anis v Associated Rest. Mgt. Corp.,* 202 AD2d 459; *Davis v County of Nassau,* 166 AD2d 498).

The plaintiff's remaining contentions are without merit. Mangano, P. J., S. Miller, McGinity, Luciano and Smith, JJ., concur.