■ JOSEPHINE LABELLA et al., Respondents, v WILLIS SEA-FOOD, Appellant. [744 NYS2d 504] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Burke, J.), entered August 30, 2001, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

To establish a prima facie case of negligence in a trip and fall case, a plaintiff is required to present proof that the defendant created, or had actual or constructive notice of, the defective condition which allegedly caused the fall (*see Robinson v Lupo,* 261 AD2d 525; *Capraro v Staten Is. Univ. Hosp.,* 245 AD2d 256). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit a defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History,* 67 NY2d 836, 837).

On a motion for summary judgment to dismiss a complaint based upon lack of notice, a defendant is required to make a prima facie showing that it did not have notice of the condition which allegedly caused the plaintiff's fall (*see Goldman v Waldbaum, Inc.,* 248 AD2d 436, 437). Here, the defendant met that burden through the testimony of its secretary/treasurer.

In opposing the motion, the plaintiffs essentially rely on certain photographs of the accident site. However, no evidence was submitted as to when the photographs were taken or as to whether the conditions reflected in the photographs were substantially the same as those which existed on the day of the

occurrence (*see Saks v Yeshiva of Spring Val.*, 257 AD2d 615, 616). Therefore, the plaintiffs failed to raise a triable issue of fact (*see* CPLR 3212 [b]). Prudenti, P.J., O'Brien, McGinity and Crane, JJ., concur.