■ Malta Gonzalez, Respondent, v Board of Education of City of Yonkers, Appellant. [751 NYS2d 256] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (Donovan, J.), dated September 18, 2001, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

On October 24, 1995, at 8:35 A.M., the plaintiff tripped and fell on a stairway located in front of the Enrico Fermi School of Performing Arts in the City of Yonkers. According to the subsequent notice of claim, the plaintiff fell on "the first step of the lower section of the steps which step had a metal slippery condition."

The defendant moved for summary judgment dismissing the complaint on the grounds that the notice of claim was not timely served within 90 days after October 24, 1995, and the plaintiff failed to identify any actionable defect. The Supreme Court denied the motion. We reverse.

The plaintiff produced evidence tending to establish that the notice of claim was served by certified mail on January 22, 1996, the 90th day following the date of the accident (see General Municipal Law § 50-e [3] [a], [b]; Bartolotta v County of Wyoming, 231 AD2d 899). The defendant is not entitled to dismissal of the complaint based solely on the fact that it did not receive the notice of claim until February 15, 1996.

However, summary judgment dismissing the complaint is warranted on the merits. The defendant established a prima facie case that the staircase on which the accident occurred was free of actionable defects. The plaintiff failed to demonstrate any issue of fact in this respect.

The allegedly "slippery" condition of the metal wear strips affixed to the edges of the various steps comprising the staircase in question may not properly serve as the basis for the imposition of any liability (see Larussa v Shell Oil Co., 283 AD2d 403; Goldblatt v LaShellda Maintenance Co., 278 AD2d 451; Lindeman v Vecchione Constr. Corp., 275 AD2d 392). Assuming that liability may be imposed based upon the existence of a defect not referred to in the notice of claim (cf. Barksdale v New York City Tr. Auth., 294 AD2d 210; White v New York City Hous. Auth., 288 AD2d 150; Rodriguez v New York City Tr. Auth., 286 AD2d 681), there is no proof of any such defect in the record. The photographs upon which the Supreme Court based its determination that the wear strip of one of the steps sloped downward did not constitute competent evidence of the condition of the stairs as of October 24, 1995 (see Labella v Willis Seafood, 296 AD2d 382; Marrione v Ficano Enters., 277 AD2d 291; Saks v Yeshiva of Spring Val., 257 AD2d 615). In any event, we discern no actionable defect from the photographs reproduced in the record on appeal (see Trincere v County of Suffolk, 90 NY2d 976; Rametta v County of Nassau, 296 AD2d 485; Cicero v Selden Assoc., 295 AD2d 391; Arsenicos v Westland S. Shore Mall, 294 AD2d 385; Dynov v 16th Ave. Realty

*Assoc.,* 292 AD2d 335; *Neumann v Senior Citizens' Ctr.,* 273 AD2d 452). Ritter, J.P., Santucci, Goldstein and Mastro, JJ., concur.