■ HECTOR RIVERA, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [802 NYS2d 247]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an interlocutory judgment of the Supreme Court, Kings County (Knipel, J.), entered November 10, 2003, as, upon a jury verdict finding it 80% at fault and the plaintiff 20% at fault in the happening of the accident, is in favor of the plaintiff and against it on the issue of liability.

Ordered that the interlocutory judgment is reversed insofar as appealed from, on the law, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of liability, with costs to abide the event.

The defendant contends that the trial court committed re-

versible error by admitting photographs which allegedly depicted the defective condition of the subway steps at the time of the plaintiff's accident. We agree. "Photographs may be used to prove constructive notice of an alleged defect shown in the photographs if they are taken reasonably close to the time of the accident and there is testimony that the condition at the time of the accident was substantially as shown in the photographs" (*Ferlito v Great S. Bay Assoc.*, 140 AD2d 408, 408-409 [1988]; *see Davis v County of Nassau*, 166 AD2d 498, 499 [1990]; *see Lustenring v 98-100 Realty*, 1 AD3d 574 [2003]; *DeGruccio v 863 Jericho Turnpike Corp.*, 1 AD3d 472 [2003]; *Anis v Associated Rest. Mgt. Corp.*, 202 AD2d 459 [1994]). Here, the plaintiff failed to offer any proof as to when the photographs were taken, and thus it cannot be concluded that they were taken reasonably close to the time of the accident, which occurred nearly eight years prior to the trial. Moreover, since the accident took place on a heavily-traveled subway stairway, it cannot be assumed that photographs which may have been taken years later accurately depicted the condition of the steps at the time of the accident. Under these circumstances, the testimony offered by an accident witness to authenticate the photographs was insufficient to establish that the condition at the time of the plaintiff's fall was substantially as shown in the photographs (*see Labella v Willis Seafood*, 296 AD2d 382 [2002]; *Young v Ai Guo Chen*, 294 AD2d 430 [2002]; *Marrione v Ficano Enters.*, 277 AD2d 291 [2000]; *Fine Ornaments v Esplanade Gardens*, 248 AD2d 287 [1998]; *Anis v Associated Rest. Mgt. Corp., supra*).

The defendant's remaining contentions are without merit or need not be reached in light of our determination. Adams, J.P., Krausman, Rivera and Lifson, JJ., concur.