■ JOSE RIOS, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [852 NYS2d 283]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Jackson, J.), dated August 16, 2006, which granted the defendant's motion for summary judgment dismissing the complaint and denied, as academic, his cross motion to strike the defendant's answer for failure to comply with a court order.

Ordered that the order is affirmed, with costs.

The plaintiff alleges that he was injured when he slipped and fell on a cracked or broken step while descending a stairwell in a building owned and operated by the defendant in Brooklyn. The Supreme Court granted the defendant's motion for summary judgment and denied, as academic, the plaintiff's cross motion to strike the defendant's answer. We affirm.

The defendant met its initial burden on its motion for summary judgment by demonstrating its lack of actual or constructive notice of the cracked step. The defendant made this showing by submitting the deposition testimony of its supervisor of janitorial caretakers and the janitorial caretaker working on the date of the accident, as well as an affidavit of the assistant building superintendent, all of whom denied observing a chipped or broken step despite numerous inspections of the stairwell prior to the plaintiff's accident (*see Goldman v Waldbaum, Inc.,* 248 AD2d 436 [1998]). Additionally, the defendant submitted the plaintiff's deposition testimony, in which he admitted that the first time that he noticed a defect in the step was after he fell, even though he traversed the stairwell "more than once or twice" in the month preceding his accident, as well as once or twice each week for nearly five years prior to that period.

The plaintiff failed to raise a triable issue of fact in opposition to the defendant's showing of entitlement to judgment as a matter of law. The plaintiff's submission of photographs of the broken step in the stairwell, taken more than 16 weeks after the accident, was insufficient to raise a triable issue of fact because the photographs were not taken within a reasonable time of the plaintiff's accident (*see Rivera v New York City Tr. Auth.,* 22 AD3d 554 [2005]; *Saks v Yeshiva of Spring Val.,* 257 AD2d 615 [1999]). Additionally, the plaintiff's submission of an expert engineer's affidavit was not sufficient to raise a triable issue of fact since his opinion primarily relied on these photographs and the expert never visited the accident site (*see Leggio v Gearhart,* 294 AD2d 543 [2002]; *Avella v Jack LaLanne*

*Fitness Ctrs.*, 272 AD2d 423 [2000]). The expert's opinion constitutes "mere conclusions, expressions of hope or unsubstantiated allegations or assertions," which are insufficient to satisfy the plaintiff's burden (*Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment and denied, as academic, the plaintiff's cross motion. Ritter, J.P., Santucci, Covello and Carni, JJ., concur.