■ WILLIAM C. GENNARO, Appellant, v CORD MEYER DEVELOPMENT COMPANY & LLC, Respondent. [871 NYS2d 214]—

The plaintiff commenced this action against the defendant, alleging that a pothole in the defendant's parking lot caused him to fall and sustain personal injuries. The defendant moved for summary judgment dismissing the complaint, contending that it did not create the alleged defect or have actual or constructive notice of it. The Supreme Court granted the motion. We affirm.

The defendant met its initial burden of establishing its entitle-

ment to judgment as a matter of law by submitting evidence sufficient to demonstrate that it did not create the alleged defect or have actual or constructive notice of it (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

Photographs may be used to prove constructive notice if they were taken close in time to the subject accident and if there is testimony that the conditions depicted in the photographs are substantially the same as those that existed on the day of the accident (*see Salvia v Hauppauge Rte. 111 Assoc.*, 47 AD3d 791, 791-792 [2008]; *DeGruccio v 863 Jericho Turnpike Corp.*, 1 AD3d 472, 473 [2003]; *cf. Batton v Elghanayan*, 43 NY2d 898, 899 [1978]). Here, the plaintiff failed to establish that the photographs were taken close in time to his accident (*see Rios v New York City Hous. Auth.*, 48 AD3d 661, 662 [2008]; *Rivera v New York City Tr. Auth.*, 22 AD3d 554, 555 [2005]). In any event, the black and white photocopies of color photographs, which were submitted in opposition to the motion, were of such poor quality as to render them insufficient to raise a triable issue of fact as to whether the defendant had constructive notice of the alleged defect (*see Singer v St. Francis Hosp.*, 21 AD3d 469 [2005]). Fisher, J.P., Florio, Carni and Chambers, JJ., concur.