■ DANIELLE CALCAGNO et al., Appellants, v JOHN F. KENNEDY INTERMEDIATE SCHOOL et al., Respondents. [877 NYS2d 455]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Weber, J.), dated January 28, 2008, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Danielle Calcagno (hereinafter the infant plaintiff), a fourth-grade student at the defendant John F. Kennedy Intermediate School in the defendant Deer Park School District, allegedly was injured while playing in the playground on a set of horizontal gymnastic bars during her recess period. According to the infant plaintiff's deposition testimony, she was attempting to spin forward around the lowest of three bars, which was about as high as her waist, when, in the middle of her spin, she intentionally let go of the bar in order to stop, and fell. She was on the bar during this movement for somewhere between 5 and 10 seconds.

The Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. "Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994] [citations omitted]). The defendants established their prima facie entitlement to judgment as a matter of law by presenting evidence that there was adequate playground supervision (*see Navarra v Lynbrook Pub. Schools, Lynbrook Union Free School Dist.*, 289 AD2d 211 [2001]). The defendants presented evidence, including the infant plaintiff's deposition testimony, which established that there were at least three teachers in the recess area supervising 10 classes of students, that there was a supervisor standing just outside the playground area where the fall occurred, and that the infant plaintiff was engaged in normal play rather than a dangerous activity (*see Berdecia v City of New York*, 289 AD2d 354 [2001]; *Janukajtis v Fallon*, 284 AD2d 428 [2001]). Moreover, the accident was so sudden that the defendants' level of supervision was not the proximate cause of the infant plaintiff's injuries (*see Swan v Town of Brookhaven*, 32 AD3d 1012 [2006]; *Mayer v Mahopac Cent. School Dist.*, 29 AD3d 653 [2006]). In opposition, the plaintiffs failed to present evidence sufficient to raise a triable issue of fact (*see Botti v Seaford Harbor Elementary School Dist. 6*, 24 AD3d 486 [2005]; *Navarra v Lynbrook Pub. Schools, Lynbrook Union Free School Dist.*, 289 AD2d at 211; *see also Zuckerman v City of New York*, 49 NY2d 557 [1980]).

The plaintiffs' remaining contentions are without merit. Fisher, J.P., Angiolillo, Balkin and Belen, JJ., concur.