■ ESMERELDA GIULINI, Respondent, v UNION FREE SCHOOL DISTRICT #1, Appellant, et al., Defendant. [895 NYS2d 453]—

In an action to recover damages for personal injuries, etc., the defendant Union Free School District #1 appeals from an order of the Supreme Court, Westchester County (Smith, J.), dated May 27, 2009, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the appellant's motion for summary judgment dismissing the complaint insofar as asserted against it is granted.

A landowner is under a duty to maintain its property in a reasonably safe condition under the existing circumstances, including the likelihood of injury to third parties, the potential that any such injury would be of a serious nature, and the

burden of avoiding the risk (*see generally Basso v Miller*, 40 NY2d 233, 241 [1976]). In order to recover damages for injuries caused by the failure of a landowner to maintain its property in a reasonably safe condition, a plaintiff must establish that the landowner created or had actual or constructive notice of any hazardous condition which precipitated an injury claimed by that party (*see Williams v Long Is. R.R.*, 29 AD3d 900 [2006]; *DeGruccio v 863 Jericho Turnpike Corp.*, 1 AD3d 472 [2003]; *Castellitto v Atlantic & Pac. Co.*, 244 AD2d 379, 380 [1997]). Further, to provide constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit the owner or its employees to discover and remedy it (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). However, as the proponent of a motion for summary judgment, a landowner must tender evidence sufficient to demonstrate, prima facie, the absence of a material issue of fact (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Here, the defendant Union Free School District #1 (hereinafter the school district) satisfied its prima facie burden of establishing its entitlement to judgment as a matter of law on the issues of notice and creation of the alleged defect and, thus, on the issue of whether it maintained the subject playground in reasonably safe condition (*see Gray v South Colonie Cent. School Dist.*, 64 AD3d 1125, 1126-1127 [2009]; *Padden v County of Suffolk*, 52 AD3d 663, 664 [2008]; *Banks v Freeport Union Free School Dist.*, 302 AD2d 341 [2003]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The deposition testimony of the school district's grounds supervisor and facilities manager established that the school district had received no prior complaints regarding an alleged hole under the mulch in the playground where the plaintiff's daughter, Chloe Giulini, purportedly fell. In addition, there was no nexus between the alleged hole and any conduct on the part of the school district which may have created the alleged hole. Further, the affidavit of the school district's expert established, prima facie, that the school district's use and maintenance of mulch wood chips in the subject playground was in accordance with good and accepted industry practice.

In opposition, the plaintiff failed to raise a triable issue of fact. Chloe, who was then four years old, was with her father when she allegedly tripped and fell as she ran from one area of the playground to another. The father did not witness Chloe fall. Rather, the father only became aware that Chloe fell when, afterwards, the child ran up to him crying and holding her arm.

The plaintiff, who was not present in the playground at the time of the incident, testified at her deposition that she returned to the playground with the father and Chloe three days later to take photographs of the area where Chloe purportedly told them that she fell. The father, who was not deposed, stated, in his affidavit in opposition to the school district's motion that, after the incident, he observed a "rut in the mulch" in the area where Chloe fell, which was partially covered with one-half-inch of mulch. The father further described the depression as "five inches wide and one and one half inches deep." The father's assertions as to the location of Chloe's fall and the condition which allegedly caused her to fall were not founded upon his personal observations of Chloe's conduct or the alleged defect at the instant when she fell but, rather, upon inadmissible hearsay, which, standing alone, is insufficient to raise a triable issue of fact (*see Stock v Otis El. Co.*, 52 AD3d 816, 816-817 [2008]; *Schwartz v Nevatel Communications Corp.*, 8 AD3d 469 [2004]).

Based on the foregoing, the plaintiff failed to raise a triable issue of fact as to whether there was a defective condition. The plaintiff failed to refute the assertions of the school district's expert that the mulch wood chips, which the expert described as "a natural loose substrate provided for the purpose of providing additional cushioning and shock absorption [were] properly applied in this case to fulfill its function as a non-compacted substrate substance subject to easy movement in response to the activities of children at a playground." The plaintiff also failed to raise a triable issue of fact in response to the expert's opinion that "the ever-shifting quality of the material [was] the reason for the patterns of irregularity and depressions which naturally occur."

Accordingly, the Supreme Court should have granted the school district's motion for summary judgment dismissing the complaint insofar as asserted against it.

The plaintiff's remaining contentions are without merit. Skelos, J.P., Balkin, Leventhal and Lott, JJ., concur.