■ SIMON DAEFLER, Individually and as Father and Natural Guardian of ANNA-SAMSARRA DAEFLER, Respondent, v BRIARCLIFF MANOR UNION FREE SCHOOL DISTRICT et al., Appellants. [898 NYS2d 263]—

In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated September 4, 2009, as denied that branch of their motion which was for summary judgment dismissing the claim to recover damages based upon a dangerous and defective condition.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendants' motion which was for summary judgment dismissing the claim to recover damages based upon a dangerous and defective condition is granted.

The infant plaintiff was injured when she slipped and fell while running across the gravel surface of her school playground during kindergarten recess. The plaintiff subsequently commenced this action to recover damages for personal injuries, alleging that the infant plaintiff was injured as a result of negligent supervision, and the dangerous and defective condition of the playground surfacing. After depositions were conducted, the defendants moved for summary judgment dismissing the complaint, submitting evidence including the affidavit of the teacher's aide who was supervising the playground area at the time the accident occurred, and affidavits from a

certified playground safety inspector and a licensed landscape architect. The Supreme Court granted that branch of the defendants' motion which was for summary judgment dismissing the claim to recover damages based upon negligent supervision. However, the Supreme Court denied that branch of the motion which was for summary judgment dismissing the claim to recover damages based upon the alleged dangerous and defective condition of the playground surfacing, concluding, inter alia, that an issue of fact existed as to whether the gravel surface was maintained at a reasonably safe depth. We disagree.

The defendants made a prima facie showing of their entitlement to judgment as a matter of law dismissing the claim to recover damages based upon a dangerous or defective condition by submitting, inter alia, affidavits from two experts demonstrating that the gravel surface of the playground conformed to good and accepted safety standards, and was maintained in a reasonably safe condition (*see Giulini v Union Free School Dist. #1*, 70 AD3d 632 [2010]; *Bergin v Town of Oyster Bay*, 51 AD3d 698 [2008]; *Swan v Town of Brookhaven*, 32 AD3d 1012, 1013 [2006]; *Banks v Freeport Union Free School Dist.*, 302 AD2d 341, 342 [2003]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff offered no proof of the actual depth of the gravel in the area of the playground where the accident occurred, and no evidence that the allegedly inadequate depth of the gravel created a slipping hazard which proximately caused the infant plaintiff's fall (*see Giulini v Union Free School Dist. #1*, 70 AD3d 632 [2010]; *Carey v Commack Union Free School Dist. No. 10*, 56 AD3d 506, 507 [2008]; *Bergin v Town of Oyster Bay*, 51 AD3d at 699; *Swan v Town of Brookhaven*, 32 AD3d at 1013; *Banks v Freeport Union School Dist.*, 302 AD2d at 342). Accordingly, the Supreme Court should have awarded the defendants summary judgment dismissing the complaint. Mastro, J.P., Eng, Belen and Austin, JJ., concur.