■ JANICE WALKER, Individually and as Mother and Natural Guardian of JENNIFER BROWN, an Infant, Appellant, v CITY OF NEW YORK et al., Respondents. [918 NYS2d 775]—

Jennifer Brown allegedly sustained injuries when she slipped or tripped on an allegedly defective condition on a concrete playground while playing "tag" during school recess. Brown, by her mother and natural guardian, Janice Walker, and Janice Walker, individually, commenced this action against the defendants, City of New York and the Department of Education of the City of New York (hereinafter together the defendants), to recover damages for personal injuries arising from negligent supervision and negligent maintenance. The defendants moved for summary judgment dismissing the complaint on the ground that they did not have actual or constructive notice of the condition or, alternatively, that Brown assumed the risk of injury, and, in any event, that their supervision of Brown was reasonable as a matter of law. The Supreme Court granted the motion.

Contrary to the defendants' contention and the conclusion of the Supreme Court, the doctrine of primary assumption of risk

is not applicable to the facts herein (*see Trupia v Lake George Cent. School Dist.*, 14 NY3d 392, 396 [2010]; *Sarnes v City of New York*, 73 AD3d 1154 [2010]). Nevertheless, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint on the grounds that they lacked actual or constructive notice of the allegedly dangerous condition and that their supervision of Brown was reasonable as a matter of law.

Schools have a duty to adequately supervise children in its charge, and "will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *Paca v City of New York*, 51 AD3d 991, 992 [2008]). However, schools "are not insurers of [the] safety" of their students, "for they cannot reasonably be expected to continuously supervise and control all movements and activities of students" (*Mirand v City of New York*, 84 NY2d at 49). Here, the defendants established, prima facie, that they did not negligently supervise Brown with evidence demonstrating sufficient supervision by teachers and that Brown was engaged in normal play at the time of the occurrence. In opposition, the plaintiff failed to raise a triable issue of fact (*see Calcagno v John F. Kennedy Intermediate School*, 61 AD3d 911, 912 [2009]; *Lemos v City of Poughkeepsie School Dist.*, 299 AD2d 327 [2002]; *Berdecia v City of New York*, 289 AD2d 354, 354-355 [2001]).

The defendants also established, prima facie, that they did not have actual or constructive notice of the condition, i.e., the presence of a tar-like substance, that allegedly caused Brown's accident with evidence showing that they had recently inspected the playground before Brown's accident and the inspection did not reveal the allegedly hazardous condition over which she alleges she slipped or tripped (*see Giulini v Union Free School Dist. #1*, 70 AD3d 632, 632-633 [2010]; *Gennaro v Cord Meyer Dev. Co. & LLC*, 57 AD3d 725 [2008]; *DeFalco v BJ's Wholesale Club, Inc.*, 38 AD3d 824 [2007]; *Jansen v Roosevelt Union Free School Dist.*, 302 AD2d 495 [2003]; *Labella v Willis Seafood*, 296 AD2d 382 [2002]; *Goldman v Waldbaum, Inc.*, 248 AD2d 436, 437 [1998]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Angiolillo, J.P., Florio, Belen and Austin, JJ., concur.