In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated September 25, 2012, as granted the motion of *790 the defendant Yeled V’Yalda Early Childhood Center, Inc., for summary judgment dismissing the complaint insofar as asserted against it.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Yeled V’Yalda Early Childhood Center, Inc., for summary judgment dismissing the complaint insofar as asserted against it is denied.
The infant plaintiff attended preschool at the defendant Yeled V’Yalda Early Childhood Center, Inc. (hereinafter the school). On May 26, 2009, when the infant plaintiff was approximately two years old, he was allegedly injured when he fell from a three-wheeled scooter on a playground at the school. The infant plaintiff, and his mother suing derivatively, commenced this action against, among others, the school, alleging negligent supervision. The school moved for summary judgment dismissing the complaint insofar as asserted against it, and the Supreme Court granted the motion.
The school established, prima facie, its entitlement to judgment as a matter of law dismissing the complaint. The school submitted evidence demonstrating that it provided adequate playground supervision and the affidavit of an expert who opined that the infant plaintiff was engaged in age-appropriate play at the time of the occurrence (see Walker v City of New York, 82 AD3d 966, 967 [2011]; Troiani v White Plains City School Dist., 64 AD3d 701, 702 [2009]; Calcagno v John F. Kennedy Intermediate School, 61 AD3d 911, 912 [2009]).
However, in opposition to the motion, the plaintiffs raised a triable issue of fact as to whether the infant plaintiff was engaged in age-appropriate play at the time of the occurrence. Accordingly, the Supreme Court should have denied the school’s motion for summary judgment dismissing the complaint insofar as asserted against it.
Skelos, J.E, Dickerson, Leventhal and Miller, JJ., concur.