■ JOSEPH FELDMAN, an Infant, by His Father and Natural Guardian, DAVID FELDMAN, et al., Appellants, v MERRICK UNION FREE SCHOOL DISTRICT, Respondent. [995 NYS2d 740]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Woodard, J.), entered December 4, 2012, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The injured plaintiff, then seven years of age, was injured when he fell from a "monkey bars" apparatus during a supervised play period at school. The plaintiffs commenced this action against the defendant school district seeking damages

based on, inter alia, its alleged negligent supervision of the injured plaintiff.

"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *see Tanenbaum v Minnesauke Elementary School*, 73 AD3d 743, 744 [2010]; *Armellino v Thomase*, 72 AD3d 849, 849 [2010]). "Schools are not insurers of safety, however, for they cannot reasonably be expected to continuously supervise and control all movements and activities of students" (*Mirand v City of New York*, 84 NY2d at 49, citing *Lawes v Board of Educ. of City of N.Y.*, 16 NY2d 302, 306 [1965]; *see Nancy Ann O. v Poughkeepsie City School Dist.*, 95 AD3d 972 [2012]; *Walker v City of New York*, 82 AD3d 966 [2011]; *Armellino v Thomase*, 72 AD3d at 849-850; *Paca v City of New York*, 51 AD3d 991, 992 [2008]).

Under the circumstances presented here, the defendant established, prima facie, that it provided adequate supervision of the infant plaintiff (*see Walker v City of New York*, 82 AD3d at 967; *Troiani v White Plains City School Dist.*, 64 AD3d 701, 702 [2009]; *Calcagno v John F. Kennedy Intermediate School*, 61 AD3d 911, 912 [2009]). In opposition to that showing, the plaintiffs failed to raise a triable issue of fact as to negligent supervision or as to proximate cause (*see Calcagno v John F. Kennedy Intermediate School*, 61 AD3d at 912; *Botti v Seaford Harbor Elementary School Dist. 6*, 24 AD3d 486 [2005]; *Navarra v Lynbrook Pub. Schools, Lynbrook Union Free School Dist.*, 289 AD2d 211 [2001]).

The defendant also established, prima facie, that there was no defect in the playground surface that was proximately related to the injuries, and the plaintiffs failed to raise a triable issue of fact in opposition to that prima facie showing (*see Daefler v Briarcliff Manor Union Free School Dist.*, 72 AD3d 872 [2010]; *Giulini v Union Free School Dist. #1*, 70 AD3d 632, 633 [2010]; *see also Miller v Kings Park Cent. School Dist.*, 54 AD3d 314, 315 [2008]).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Balkin, J.P., Leventhal, Hinds-Radix and LaSalle, JJ., concur.