Robinson v Hess Retail Stores, LLC (2021 NY Slip Op 04625)





Robinson v Hess Retail Stores, LLC


2021 NY Slip Op 04625


Decided on August 4, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 4, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2019-09991
 (Index No. 508031/16)

[*1]Lakiesha Robinson, appellant, 
v
Hess Retail Stores, LLC, et al., respondents.


Subin Associates, LLP, New York, NY (Robert J. Eisen and Pollack, Pollack, Isaac & DeCicco, LLP [Christopher Soverow], of counsel), for appellant.
Cullen and Dykman LLP, Garden City, NY (Nicholas M. Cardascia of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated July 24, 2019. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she tripped and fell on a hole in a sidewalk abutting the defendants' premises in Brooklyn. The plaintiff moved, inter alia, for summary judgment on the issue of liability, contending that the defendants were negligent in failing to maintain the abutting sidewalk in a reasonably safe condition and that they had notice of the defective condition. The Supreme Court denied that branch of the motion, and the plaintiff appeals.
"Administrative Code of the City of New York § 7-210, which became effective September 14, 2003, shifted tort liability for injuries arising from a defective sidewalk from the City of New York to the abutting property owner" (Pevzner v 1397 E. 2nd, LLC, 96 AD3d 921, 922; see Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 520). Administrative Code of the City of New York § 7-210(a) "imposes a duty upon owners of certain real property to maintain the sidewalk abutting their property in a reasonably safe condition, and provides that said owners are liable for personal injury that is proximately caused by such failure" (Sangaray v West Riv. Assoc., LLC, 26 NY3d 793, 797; see Xiang Fu He v Troon Mgt., Inc., 34 NY3d 167, 171). "However, Administrative Code of the City of New York § 7-210 does not impose strict liability upon the property owner, and the injured party has the obligation to prove the elements of negligence to demonstrate that an owner is liable" (Muhammad v St. Rose of Limas R.C. Church, 163 AD3d 693, 693; see Xiang Fu He v Troon Mgt., Inc., 34 NY3d at 171). Thus, to prevail on a motion for summary judgment, a plaintiff must demonstrate, prima facie, that the property owner created the defect or had actual or constructive notice of the defect (see Vasquez v Giandon Realty, LLC, 189 AD3d 1120; Kabir v Budhu, 143 AD3d 772, 773).
Here, the plaintiff failed to establish, prima facie, that the defendants created the defect or had actual or constructive notice of the defect (see Gordon v American Museum of Natural History, 67 NY2d 836). Contrary to the plaintiff's contention, the affidavit of her expert, who never visited the accident site and relied on Google images of the accident scene, which were poor in quality, was insufficient to demonstrate, prima facie, that the defendants had constructive notice of the defect (see Rios v New York City Hous. Auth., 48 AD3d 661, 662; Avella v Jack LaLanne Fitness Ctrs., 272 AD2d 423; see also Gennaro v Cord Meyer Dev. Co. & LLC, 57 AD3d 725, 726). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 581, 853).
RIVERA, J.P., MILLER, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court