J. H. V. v Locust Val. Cent. Sch. Dist. (2023 NY Slip Op 00347)

J. H. V. v Locust Val. Cent. Sch. Dist.

2023 NY Slip Op 00347

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2020-03895
 (Index No. 608783/17)

[*1]J. H.., etc., respondent, 
v
Locust Valley Central School District, appellant.

Congdon, Flaherty, O'Callaghan, Fishlinger & Pavlides, Uniondale, NY (Christine Gasser of counsel), for appellant.
Cannon & Acosta, LLP, Huntington Station, NY (June Redeker of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Jack L. Libert, J.), entered May 14, 2020. The order, insofar as appealed from, denied that branch of the defendant's motion which was for summary judgment dismissing the first cause of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, an infant, allegedly was injured when he fell while using the monkey bars during recess on a playground at a school located within the defendant, Locust Valley Central School District. The plaintiff's mother, on his behalf, commenced the instant action to recover damages for personal injuries, alleging, in the first cause of action, that the plaintiff was injured due to the dangerous and defective condition of the playground surface. Following discovery, the defendant moved, inter alia, for summary judgment dismissing the first cause of action. By order entered May 14, 2020, the Supreme Court, among other things, denied that branch of the defendant's motion. The defendant appeals.
The defendant made a prima facie showing of its entitlement to judgment as a matter of law dismissing the first cause of action by submitting, inter alia, an affidavit from an expert demonstrating that the surface of the playground, comprised of engineered wood chips, conformed to good and accepted safety standards, and was maintained in a reasonably safe condition (see Daefler v Briarcliff Manor Union Free School Dist., 72 AD3d 872, 873).
In opposition, however, the plaintiff raised a triable issue of fact through the affidavit of an expert who opined, with sufficient specificity, that the playground surface was in a dangerous condition due to the insufficient depth of the wood chips and the absence of rubber mats below that surface. While the defendant and its expert took issue with the credibility of this opinion for various reasons, such credibility questions cannot be resolved on a motion for summary judgment (see Vega v Restani Constr. Corp., 18 NY3d 499, 505; Ain v Allstate Ins. Co., 181 AD3d 875, 878).
The defendant's contention, raised for the first time on appeal, that the plaintiff's [*2]expert was not qualified to offer an expert opinion in this case, is not properly before this Court (see Byner v Murray-Taylor, 208 AD3d 1214).
Accordingly, we affirm the order insofar as appealed from.
IANNACCI, J.P., CHAMBERS, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court