Gomez v NA Broadway Realty, LLC (2025 NY Slip Op 05795)

Gomez v NA Broadway Realty, LLC

2025 NY Slip Op 05795

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2023-12543
 (Index No. 713287/22)

[*1]Miguel Gomez, respondent, 
v
NA Broadway Realty, LLC, et al., appellants.

Kahana & Feld, LLP (Mauro Lilling Naparty LLP, Woodbury, NY [Matthew W. Naparty, Margaret E. Greco, and Glenn Kaminska], of counsel), for appellants.
Subin Associates, LLP (Elisa Yim and Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Paul H. Seidenstock, and Jack Lockwood], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered December 11, 2023. The order granted the plaintiff's motion for summary judgment on the issue of liability against the defendant NA Broadway Realty, LLC.
ORDERED that the appeal by the defendant Ania Property Management, Inc., is dismissed, as that defendant is not aggrieved by the order appealed from (see CPLR 5511); and it is further,
ORDERED that the order is reversed on the appeal by the defendant NA Broadway Realty, LLC, on the law, and the plaintiff's motion for summary judgment on the issue of liability against that defendant is denied; and it is further,
ORDERED that one bill of costs is awarded to the defendant NA Broadway Realty, LLC, payable by the plaintiff.
The plaintiff was walking on the sidewalk abutting a residential building located in Queens when he allegedly tripped and fell over a raised portion of the sidewalk. The building was owned by the defendant NA Broadway Realty, LLC (hereinafter the owner), and managed by the defendant Ania Property Management, Inc. The plaintiff commenced this action to recover damages for personal injuries against the defendants. The plaintiff moved for summary judgment on the issue of liability against the owner, contending that the owner was negligent in failing to maintain the abutting sidewalk in a reasonably safe condition and that the owner had notice of the defective condition. In an order entered December 11, 2023, the Supreme Court granted the motion. The defendants appeal.
Administrative Code of the City of New York § 7-210 "imposes a duty upon owners of certain real property to maintain the sidewalk abutting their property in a reasonably safe condition, and provides that said owners are liable for personal injury that is proximately caused by such failure" (Sangaray v West Riv. Assoc., LLC, 26 NY3d 793, 797; see Xiang Fu He v Troon Mgt., Inc., 34 NY3d 167, 171). However, "[t]he statute does not impose strict liability upon the property owner, and a plaintiff must prove the elements of negligence to demonstrate that the property owner [*2]is liable" (Cooper v First In Queens, Inc., 229 AD3d 761, 762; see Wendy-Geslin v Oil Doctors, 226 AD3d 727, 729). "Thus, to prevail on a motion for summary judgment, a plaintiff must demonstrate, prima facie, that the property owner created the defect or had actual or constructive notice of the defect" (Robinson v Hess Retail Stores, LLC, 197 AD3d 517, 518; see Tamrazyan v 379 Ocean Parkway, LLC, 232 AD3d 736, 737). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [the defendant] to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837; see Rubin v Sivan Merrick, LLC, 235 AD3d 789, 791).
Here, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the issue of liability against the owner (see Robinson v Hess Retail Stores, LLC, 197 AD3d at 518). The plaintiff's submissions, including pleadings from other actions and images obtained from a digital mapping website, did not establish, prima facie, that the owner had notice of the alleged dangerous condition that caused the plaintiff to trip and fall. "A general awareness that a dangerous condition may be present is legally insufficient to constitute notice of the particular condition that caused plaintiff's fall" (Pagan v New York City Hous. Auth., 172 AD3d 888, 890 [internal quotation marks omitted]; see Piacquadio v Recine Realty Corp., 84 NY2d 967, 969; Gloria v MGM Emerald Enters., 298 AD2d 355, 356).
Since the plaintiff failed to demonstrate his prima facie entitlement to judgment as a matter of law, it is not necessary to review the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on the issue of liability against the owner.
In light of our determination, we need not address the owner's remaining contention.
DILLON, J.P., WOOTEN, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court