Siyunova v 5420 Mgt. Corp. (2022 NY Slip Op 01827)





Siyunova v 5420 Mgt. Corp.


2022 NY Slip Op 01827


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
SHERI S. ROMAN
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2019-09443
2020-01501
 (Index No. 516017/17)

[*1]Miryom Siyunova, appellant, 
v
5420 Management Corp., respondent.


The Law Office of Yuriy Prakhin, P.C., Brooklyn, NY (Simon Q. Ramone of counsel), for appellant.
Gannon, Rosenfarb & Drossman, New York, NY (David A. Drossman of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated June 24, 2019, and (2) an order of the same court dated November 25, 2019. The order dated June 24, 2019, granted the defendant's motion for summary judgment dismissing the complaint. The order dated November 25, 2019, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to renew her opposition to the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order dated June 24, 2019, is affirmed; and it is further,
ORDERED that the order dated November 25, 2019, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The plaintiff allegedly sustained personal injuries in a slip and fall accident that occurred in snowy conditions on a sidewalk near 55th Street and 15th Avenue in Brooklyn. Thereafter, the plaintiff commenced this action, alleging that the defendant failed to maintain the
sidewalk in a reasonably safe condition. The defendant moved for summary judgment dismissing the complaint. By order dated June 24, 2019, the Supreme Court granted the defendant's motion. The plaintiff thereafter moved, inter alia, for leave to renew her opposition to the defendant's motion. By order dated November 25, 2019, the court, inter alia, denied that branch of the plaintiff's motion. The plaintiff appeals from both orders.
"[A] landowner has a duty to exercise reasonable care in maintaining his [or her] own property in a reasonably safe condition under the circumstances" (Galindo v Town of Clarkstown, 2 NY3d 633, 636), and certain landowners of real property "abutting any sidewalk" in the City of New York have a duty to maintain a sidewalk in a reasonably safe condition (Administrative Code of the City of New York § 7-210[b]). However, a landowner generally owes no duty to warn or to protect others from a defective or dangerous condition on "neighboring premises" (Galindo v Town of Clarkstown, 2 NY3d at 636; see Dalpiaz v McGuire, 176 AD3d 779, 780) and has no duty to [*2]maintain a sidewalk, under the Administrative Code of the City of New York, which does not abut its premises.
Here, the defendant established that the portion of the sidewalk where the plaintiff fell did not abut its property (see Galindo v Town of Clarkstown, 2 NY3d at 636; Dalpiaz v McGuire, 176 AD3d at 780). The plaintiff testified that she crossed to the other side of 55th Street, away from the defendant's property, on 15th Avenue, and had walked a few steps in the direction of 56th Street when the accident occurred. Furthermore, the defendant established that it maintained the portion of the sidewalk abutting its property in a reasonably safe condition and that the condition of that portion of the sidewalk was not a proximate cause of the plaintiff's accident. Therefore, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint. In opposition, the plaintiff failed to raise a triable issue of fact (see Martinez v New York Metro Dist. of United Pentecostal Church Intl., Inc., 188 AD3d at 663-664; Dalpiaz v McGuire, 176 AD3d at 780). Contrary to the plaintiff's contention, in deciding the motion, the Supreme Court was entitled to rely upon the unsigned deposition transcript of the superintendent of the defendant's building (see Celestin v 40 Empire Blvd., Inc., 168 AD3d 805, 808; David v Chong Sun Lee, 106 AD3d 1044, 1045). Accordingly, the court properly granted the defendant's motion for summary judgment dismissing the complaint.
The Supreme Court also properly denied that branch of the plaintiff's motion which was for leave to renew her opposition to the defendant's motion for summary judgment dismissing the complaint. "A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Worrell v Parkway Ests., LLC, 43 AD3d 436, 437). In this case, the plaintiff failed to offer a reasonable justification for her failure to submit the new evidence at the time the prior motion was made (see CPLR 2221[e]; Mortgage Elec. Registration Sys., Inc. v Congregation Shoneh Halochos, 189 AD3d 820, 822-823; JPMorgan Chase Bank, N.A. v Grinkorn, 172 AD3d 1183, 1187).
BRATHWAITE NELSON, J.P., ROMAN, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court