Augustin v CS 87 Estates, LLC (2023 NY Slip Op 03325)

Augustin v CS 87 Estates, LLC

2023 NY Slip Op 03325

Decided on June 21, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 21, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
LILLIAN WAN, JJ.

2021-01614
 (Index No. 700357/19)

[*1]Andre M. Augustin, respondent,
v
CS 87 Estates, LLC, et al., appellants.

Rebore, Thorpe & Pisarello, P.C., Farmingdale, NY (Michelle S. Russo of counsel), for appellants.
Krentsel Guzman Herbert, LLP (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Andrew J. Fisher], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered February 23, 2021. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In November 2018, the plaintiff allegedly was injured when he tripped and fell on a sidewalk abutting the apartment complex where he resided in Hollis. At that time, the premises abutting the sidewalk where the accident occurred were owned by the defendants, CS 87 Estates, LLC, ML 188 Estates, LLC, and CS Jamaica Estates, LLC. The plaintiff commenced the instant action against the defendants to recover damages for personal injuries allegedly sustained in the accident. The complaint alleged that the defendants were negligent in, among other things, maintaining the area where the plaintiff tripped and fell in a reasonably safe condition. Subsequently, the defendants moved for summary judgment dismissing the complaint. In an order entered February 23, 2021, the Supreme Court denied the defendants' motion. The defendants appeal.
"'[A] landowner has a duty to exercise reasonable care in maintaining his [or her] own property in a reasonably safe condition under the circumstances'" (Siyunova v 5420 Mgt. Corp., 203 AD3d 975, 976, quoting Galindo v Town of Clarkstown, 2 NY3d 633, 636), and certain landowners of real property "abutting any sidewalk" in the City of New York have a duty to maintain a sidewalk in a reasonably safe condition (Administrative Code of City of NY § 7-210[b]).
Here, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint, since there are triable issues of fact concerning, among other things, the precise location of the accident, and the defendants' duty, if any, to the plaintiff (see Bonifacio v El Paraiso Food Mkt., Inc., 109 AD3d 454, 455; Zayas v Half Hollow Hills Cent. School Dist., 226 AD2d 713, 714).
BARROS, J.P., MILLER, GENOVESI and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court