Shiu Ya Luo v Croyden Apts., Inc. (2023 NY Slip Op 04609)

Shiu Ya Luo v Croyden Apts., Inc.

2023 NY Slip Op 04609

Decided on September 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LILLIAN WAN, JJ.

2021-08337
 (Index No. 714271/18)

[*1]Shiu Ya Luo, respondent, 
v
Croyden Apts., Inc., et al., appellants.

Farber Brocks & Zane, LLP, Garden City, NY (Lester Chanin of counsel), for appellants.
Caesar and Napoli, P.C., New York, NY (Ernest A. Spivak of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), entered November 3, 2021. The order granted the plaintiff's motion for summary judgment on the issue of liability against the defendant Croyden Apts., Inc.
ORDERED that the appeal by the defendant Firstservice Residential New York, Inc., is dismissed, as that defendant is not aggrieved by the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is affirmed on the appeal by the defendant Croyden Apts., Inc.; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff, payable by the defendant Croyden Apts., Inc.
In October 2017, the plaintiff allegedly tripped and fell over a raised sidewalk flag on the public sidewalk that abutted property located in Queens owned by the defendant Croyden Apts., Inc. (hereinafter Croyden), and managed by the defendant Firstservice Residential New York, Inc. The plaintiff commenced this action against the defendants to recover damages for personal injuries, alleging, inter alia, that the defendants were negligent in failing to maintain the sidewalk where the accident occurred in a reasonably safe condition. After discovery was completed, the plaintiff moved for summary judgment on the issue of liability against Croyden. The Supreme Court granted the plaintiff's motion, and this appeal ensued.
Administrative Code of the City of New York § 7-210(a) imposes a duty upon "the owner of real property abutting any sidewalk . . . to maintain such sidewalk in a reasonably safe condition." "'However, Administrative Code of the City of New York § 7-210 does not impose strict liability upon the property owner, and the injured party has the obligation to prove the elements of negligence to demonstrate that an owner is liable'" (Curry v Eastern Extension, LLC, 202 AD3d 907, 908, quoting Muhammad v St. Rose of Limas R.C. Church, 163 AD3d 693, 693). "Thus, to [*2]prevail on a motion for summary judgment, a plaintiff must demonstrate, prima facie, that the property owner created the defect or had actual or constructive notice of the defect" (Curry v Eastern Extension, LLC, 202 AD3d at 908 [internal quotation marks omitted]).
Here, in support of her motion, the plaintiff submitted, among other things, a transcript of her deposition testimony, a transcript of the deposition testimony of Arcadio Martinez, and an expert affidavit from Scott M. Silberman, a professional engineer. At her deposition, the plaintiff identified photographs taken the day of her accident that depicted the area of the sidewalk where she fell. In one of those photographs, the plaintiff identified a raised sidewalk flag as the cause of her fall. Martinez, who had been the superintendent of Croyden's property for approximately 30 years at the time of the accident, testified that he would inspect the area of the sidewalk where the plaintiff fell "every day," that the raised sidewalk flag condition had existed for at least a year prior to the accident, and that the photograph on which the plaintiff identified the raised sidewalk flag accurately depicted how that area appeared on the date of the plaintiff's fall. Silberman visited the accident site with the plaintiff on March 14, 2018, and measured the height differential of the raised sidewalk to be 3/4 of an inch. He opined within a reasonable degree of professional engineering certainty that the raised sidewalk flag constituted a "substantial defect" in violation of sections 7-210 and 19-152(a) of the Administrative Code of the City of New York, and was a substantial factor in causing the plaintiff's fall. By submitting this evidence, the plaintiff established, prima facie, that Croyden had actual notice of the sidewalk defect and violated its duty to maintain the sidewalk abutting its property in a reasonably safe condition (see Administrative Code of City of NY §§ 7-210, 19-152[a]; Brady v 2247 Utica Ave. Realty Corp., 210 AD3d 621, 622; cf. Robinson v Hess Retail Stores, LLC, 197 AD3d 517, 518). In opposition, Croyden failed to raise an issue of fact.
Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability against Croyden.
IANNACCI, J.P., WOOTEN, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court