Cumbal v 83-09 35th Realty, LLC (2024 NY Slip Op 00404)

Cumbal v 83-09 35th Realty, LLC

2024 NY Slip Op 00404

Decided on January 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
LAURENCE L. LOVE, JJ.

2021-03749
 (Index No. 710025/20)

[*1]Jonathan Cumbal, respondent,
v
83-09 35th Realty, LLC, appellant; City of New York, third-party defendant.

Margaret G. Klein (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for appellant.
Subin Associates, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul Seidenstock], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals from an order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), dated April 30, 2021. The order granted the plaintiff's motion for summary judgment on the issue of the defendant third-party plaintiff's liability.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against 83-09 35th Realty, LLC (hereinafter the defendant), to recover damages for injuries that he allegedly sustained when he tripped and fell due to a height differential between two sidewalk flags abutting the defendant's premises. The defendant commenced a third-party action against the City of New York. In an order dated April 30, 2021, the Supreme Court granted the plaintiff's motion for summary judgment on the issue of the defendant's liability. The defendant appeals.
Administrative Code of the City of New York § 7-210(a) imposes a duty upon "the owner of real property abutting any sidewalk . . . to maintain such sidewalk in a reasonably safe condition" (see Vucetovic v Epsom Downs, Inc., 10 NY3d 517). "[T]o prevail on a motion for summary judgment, a plaintiff must demonstrate, prima facie, that the property owner created the defect or had actual or constructive notice of the defect" (Shiu Ya Luo v Croyden Apts., Inc., 219 AD3d 1364, 1365 [internal quotation marks omitted]).
Here, the plaintiff established, prima facie, that the defendant had actual notice of the sidewalk defect and violated its duty to maintain the sidewalk abutting its property in a reasonably safe condition (see Administrative Code of City of N.Y. § 7-210; Shiu Ya Luo v Croyden Apts., Inc., 219 AD3d 1364; Brady v 2247 Utica Ave. Realty Corp., 210 AD3d 621, 622). In opposition, the defendant failed to raise a triable issue of fact. Issues of fact as to whether the City is also liable because it assumed a special duty to maintain the sidewalk, and whether the plaintiff was comparatively at fault, do not preclude summary judgment in favor of the plaintiff on the issue of the defendant's liability (see generally Rodriguez v City of New York, 31 NY3d 312; Stanciu v [*2]Bilello, 138 AD3d 824).
Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of the defendant's liability.
IANNACCI, J.P., MALTESE, CHRISTOPHER and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court