Montano v Delfor, LLC (2024 NY Slip Op 01300)

Montano v Delfor, LLC

2024 NY Slip Op 01300

Decided on March 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2022-06021
 (Index No. 709627/20)

[*1]Francia Montano, appellant, 
v
Delfor, LLC, respondent.

Subin Associates, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Paul H. Seidenstock, and Jillian Rosen], of counsel), for appellant.
Gannon Rosenfarb & Drossman, New York, NY (Lisa L. Gokhulsingh of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), dated July 25, 2022. The order denied the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.
The plaintiff commenced this action against the defendant to recover damages for personal injuries that she alleged she sustained when she tripped and fell on a raised sidewalk condition abutting the defendant's property. The plaintiff moved for summary judgment on the issue of liability contending that the defendant was negligent in maintaining the sidewalk. In an order dated July 25, 2022, the Supreme Court denied the plaintiff's motion. The plaintiff appeals. We reverse.
"[C]ertain landowners of real property 'abutting any sidewalk' in the City of New York have a duty to maintain a sidewalk in a reasonably safe condition" (Augustin v CS 87 Estates, LLC, 217 AD3d 818, 818-819, quoting Administrative Code of City of NY § 7-210[b]). A plaintiff moving for summary judgment on the issue of liability must demonstrate, prima facie, that the abutting property owner created the sidewalk defect or had actual or constructive notice of its existence (see Shiu Ya Luo v Croyden Apts., Inc., 219 AD3d 1364, 1365; Robinson v Hess Retail Stores, LLC, 197 AD3d 517, 518).
Here, in response to the plaintiff's demonstration of her entitlement to judgment as a matter of law on the issue of liability (see Alvarez v Prospect Hosp., 68 NY2d 320, 324), the defendant failed to raise a triable issue of fact. In opposition to the motion, the defendant submitted only the plaintiff's uncertified medical records, which were not admissible as an admission against interest because the information therein was not inconsistent with the plaintiff's deposition testimony (see Coker v Bakkal Foods, Inc., 52 AD3d 765, 766; see also Diamond v Comins, 194 AD3d 784, 785). Further, the source of the information contained therein was not identified (see Grechko v [*2]Maimonides Med. Ctr., 188 AD3d 832, 834-835; Coker v Bakkal Foods, Inc., 52 AD3d at 766).
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability.
DUFFY, J.P., MILLER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court