Campos v Colon (2024 NY Slip Op 02684)

Campos v Colon

2024 NY Slip Op 02684

Decided on May 15, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2023-01325
 (Index No. 523434/20)

[*1]Antonia Campos, respondent, 
v
Patria Colon, et al., appellants.

The Gold Law Firm, P.C., Bellmore, NY (Karen C. Higgins of counsel), for appellants.
Feldman, Kronfeld & Beatty (Berson & Budashewitz, LLP, New York, NY [Jeffrey A. Berson], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated January 19, 2023. The order, insofar as appealed from, denied the defendants' cross-motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured when she tripped and fell on a sidewalk defect abutting the defendants' property. Thereafter, the plaintiff commenced this action against the defendants to recover damages for personal injuries. In an order dated January 19, 2023, the Supreme Court, inter alia, denied the defendants' cross-motion for summary judgment dismissing the complaint. The defendants appeal.
"[L]andowner[s] [have] a duty to exercise reasonable care in maintaining [their] own property in a reasonably safe condition under the circumstances" (Galindo v Town of Clarkstown, 2 NY3d 633, 636), and "certain landowners of real property 'abutting any sidewalk' in the City of New York have a duty to maintain a sidewalk in a reasonably safe condition" (Siyunova v 5420 Mgt. Corp., 203 AD3d 975, 976, quoting Administrative Code of City of NY § 7-210[b]). However, landowners generally owe no duty to warn or to protect others from a defective or dangerous condition on "neighboring premises" (Galindo v Town of Clarkstown, 2 NY3d at 636; see Dalpiaz v McGuire, 176 AD3d 779, 780) and have "no duty to maintain a sidewalk, under the Administrative Code of the City of New York, which does not abut [their] premises" (Siyunova v 5420 Mgt. Corp., 203 AD3d at 976).
Here, viewing the evidence in the light most favorable to the plaintiff (see Pearson v Dix McBride, LLC, 63 AD3d 895), the defendants failed to establish, prima facie, in support of their cross-motion, that the sidewalk defect on which the plaintiff tripped and fell was not located on a portion of the sidewalk that abutted their property or that the plaintiff did not know where she tripped (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint, the Supreme [*2]Court properly denied their cross-motion for summary judgment dismissing the complaint without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CONNOLLY, J.P., CHAMBERS, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court