Castillo v West Harlem Group Assistance, Inc. (2024 NY Slip Op 03160)

Castillo v West Harlem Group Assistance, Inc.

2024 NY Slip Op 03160

Decided on June 12, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 12, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2022-03363
 (Index No. 708982/19)

[*1]Rafael Castillo, respondent, 
v
West Harlem Group Assistance, Inc., et al., appellants.

Miranda Slone Sklarin Verveniotis, LLP, Mineola, NY (Ondine Slone and Anne Edelman of counsel), for appellants.
Accident Lawyers of New York, PLLC, Brooklyn, NY (Richard C. Bell and Jeffrey Weiskopf of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered April 11, 2022. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when he tripped and fell due to a sidewalk defect located in front of property at 121 West 129th Street, in Manhattan, which property (hereinafter the subject property) was owned by the defendants. The plaintiff commenced this action to recover damages for personal injuries, alleging, inter alia, that the defendants had a duty to maintain the sidewalk in front of the subject property in a reasonably safe condition and that they negligently failed to do so.
The defendants moved for summary judgment dismissing the complaint, arguing that the alleged sidewalk defect was actually located in front of an adjacent lot, 123 West 129th Street (hereinafter the neighboring property). By order entered April 11, 2022, the Supreme Court denied the motion. The defendants appeal.
The defendants established, prima facie, that they did not owe a duty to the plaintiff by demonstrating that the alleged sidewalk defect was located in front of the neighboring property (see Siyunova v 5420 Mgt. Corp., 203 AD3d 975, 976-977). However, in opposition to the defendants' prima facie showing, the plaintiff, relying on the affidavit of a land surveyor, raised a triable issue of fact as to whether the alleged sidewalk defect was located, at least partially, in front of the subject property (see Administrative Code of City of NY § 7-210[b]; Campus v Colon, ___ AD3d ___, 2024 NY Slip Op 02684 [2d Dept]; Martinez v Contreras, 216 AD3d 532, 532).
The defendants' remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint.
BARROS, J.P., MILLER, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court