Cooper v First In Queens, Inc. (2024 NY Slip Op 04059)

Cooper v First In Queens, Inc.

2024 NY Slip Op 04059

Decided on July 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2019-12858
 (Index No. 710076/15)

[*1]James W. Cooper, appellant,
v
First In Queens, Inc., etc., et al., respondents, et al., defendants.

Subin Associates, LLP (Pollack Pollack Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Christopher J. Soverow], of counsel), for appellant.
Brian Rayhill, Garden City, NY (James R. Pieret of counsel), for respondent First in Queens, Inc.
Masiakos, Mercurio & Associates, P.C., Garden City, NY (Eric D. Mercurio of counsel), for respondent NY Dealer Stations, LLC, and defendants NY Fuel Holdings, LLC, and NY Dealer Stations Management, LLC.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered October 18, 2019. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendant NY Dealer Stations, LLC, and granted the motion of the defendant First In Queens, Inc., for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendant First In Queens, Inc., for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff payable by the defendant First In Queens, Inc., and one bill of costs to the defendant NY Dealer Stations, LLC, payable by the plaintiff.
The plaintiff allegedly was injured when he tripped and fell on a sidewalk abutting certain property in Queens owned by the defendant NY Dealer Stations, LLC (hereinafter NY Dealer), and leased by the defendant First in Queens, Inc. (hereinafter FIQ). The plaintiff commenced this action to recover damages for personal injuries against, among others, FIQ and NY Dealer. The plaintiff moved, among other things, for summary judgment on the issue of liability against NY Dealer. FIQ moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court, inter alia, denied that branch of the plaintiff's motion and granted FIQ's motion. The plaintiff appeals.
Administrative Code of the City of New York § 7-210 imposes a duty upon "the owner of real property abutting any sidewalk . . . to maintain such sidewalk in a reasonably safe [*2]condition" (id.§ 7-210[a]) and provides that such property owner shall be liable for any personal injury that is proximately caused by the property owner's failure to maintain the sidewalk in a reasonably safe condition (see id. § 7-210[b]). The statute does not impose strict liability upon the property owner, and a plaintiff must prove the elements of negligence to demonstrate that the property owner is liable (see Xiang Fu He v Troon Mgt., Inc., 34 NY3d 167, 171; Shiu Ya Luo v Croyden Apts., Inc., 219 AD3d 1364, 1365). To prevail on a motion for summary judgment on the issue of liability, a plaintiff must demonstrate, prima facie, that the property owner created the defect or had actual or constructive notice of it (see Shiu Ya Luo v Croyden Apts., Inc., 219 AD3d at 1365; Curry v Eastern Extension, LLC, 202 AD3d 907, 908).
Here, the plaintiff failed to establish, prima facie, that the sidewalk was not maintained in a reasonably safe condition, that NY Dealer created the allegedly defective condition, or that NY Dealer had notice of the allegedly defective condition (see Curry v Eastern Extension, LLC, 202 AD3d at 908-909; Gallis v 23-31 33 Rd., LLC, 198 AD3d 730, 733; Robinson v Hess Retail Stores, LLC, 197 AD3d 517, 518). Since the plaintiff failed to meet his burden, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability against NY Dealer without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr, 64 NY2d 851, 853).
The Supreme Court properly determined that FIQ, as lessee of the property, did not owe the plaintiff a duty of care to maintain the sidewalk in a reasonably safe condition because the duty imposed upon the owner of the property by Administrative Code § 7-210 is nondelegable and does not extend to lessees of the property (see Xiang Fu He v Troon Mgt., Inc., 34 NY3d at 173; Choudhry v Starbucks Corp., 213 AD3d 521, 522). Furthermore, FIQ established, prima facie, that the lease agreement did not impose a duty on FIQ so as to make it liable to a third party for injuries with respect to the maintenance of the sidewalk (see Heredia v C.S. Realty Assoc. LLC, 217 AD3d 496, 497-498; De Felix v 590 E. Fordham Rd. Corp., 199 AD3d 453).
However, the complaint also alleged that FIQ caused or created the allegedly defective condition on the sidewalk. "The prima facie showing which a defendant must make on a motion for summary judgment is governed by the allegations made by the plaintiff in the pleadings" (Citibank, N.A. v Herman, 125 AD3d 587, 589; see generally Alvarez v Prospect Hosp., 68 NY2d 320, 325). "On a motion for summary judgment, a moving defendant does not establish its prima facie entitlement to judgment as a matter of law by merely pointing to gaps in the plaintiff's case. The moving defendant must affirmatively demonstrate the merit of its claim or defense" (UB Distribs., LLC v S.K.I. Wholesale Beer Corp., 161 AD3d 1027, 1028; see Feldberg v Skorupa, 151 AD3d 1016, 1017). Here, in support of its motion for summary judgment, FIQ merely pointed to gaps in the plaintiff's proof and failed to submit any evidence to affirmatively demonstrate that it did not cause or create the allegedly defective condition at issue (see Maharaj v Kreidenweis, 214 AD3d 717, 719; Fasano v St. Bernard Church, 169 AD3d 645, 647).
FIQ's remaining contention is without merit.
Accordingly, the Supreme Court should have denied FIQ's motion for summary judgment dismissing the complaint insofar as asserted against it.
BRATHWAITE NELSON, J.P., MALTESE, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court