Cardillo v 3707, LLC (2025 NY Slip Op 01342)

Cardillo v 3707, LLC

2025 NY Slip Op 01342

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2021-09066
 (Index No. 711913/19)

[*1]Anthony Cardillo, et al., respondents, 
v
3707, LLC, respondent-appellant, Hawkeye Elecnor Group, appellant-respondent.

Eric D. Feldman, Melville, NY (Dominic P. Zafonte of counsel), for appellant-respondent.
The Gold Law Firm, P.C., Bellmore, NY (Jeffrey B. Gold, Karen C. Higgins, and James Stewart Law [James F. Stewart] of counsel), for respondent-appellant.
Ronald P. Berman, New York, NY, for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant Hawkeye Elecnor Group appeals, and the defendant 3707, LLC, cross-appeals, from an order of the Supreme Court, Queens County (Denis J. Butler, J.), dated September 16, 2021. The order, insofar as appealed from, denied the motion of the defendant Hawkeye Elecnor Group for summary judgment dismissing the complaint and all-cross claims insofar as asserted against it. The order, insofar as cross-appealed from, denied the motion of the defendant 3707, LLC, for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it or, in the alternative, for summary judgment on its cross-claim for common-law indemnification against the defendant Hawkeye Elecnor Group.
ORDERED that the order is affirmed, with one bill of costs to the plaintiffs.
The plaintiff Anthony Cardillo, and his wife suing derivatively, commenced this action against the defendants, 3707, LLC (hereinafter the LLC), and Hawkeye Elecnor Group (hereinafter Hawkeye), inter alia, to recover damages for personal injuries Cardillo allegedly sustained when he tripped and fell over a concrete stoop in front of premises owned by the LLC. Hawkeye, a contractor, allegedly had performed excavation and asphalt patch work on the sidewalk in front of the premises. Cardillo alleged that the concrete stoop improperly extended into the sidewalk, creating an unlawful obstruction and a hazardous condition. Additionally, Cardillo alleged that just prior to the incident, he was walking close to the building line due to Hawkeye's excavation and asphalt patch work, which had partially obstructed the sidewalk and made it "unreasonably narrow."
The LLC and Hawkeye separately answered the complaint and asserted cross-claims against each other for contribution and common-law indemnification. The LLC moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it or, in the alternative, for summary judgment on its cross-claim for common-law indemnification against [*2]Hawkeye. Hawkeye moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it. In an order dated September 16, 2021, the Supreme Court denied the motions. Hawkeye appeals, and the LLC cross-appeals.
The Supreme Court properly denied Hawkeye's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it. "A contractor may be [held] liable for an affirmative act of negligence which results in the creation of a dangerous condition upon a public street or sidewalk" (Sturm v Myrtle Catalpa, LLC, 149 AD3d 1130, 1132 [internal quotation marks omitted]; see Pizzolorusso v Metro Mech., LLC, 205 AD3d 748, 750). Here, Hawkeye's submissions failed to eliminate triable issues of fact as to whether its excavation and asphalt patch work created a hazardous condition by excessively obstructing the passageway on the sidewalk (see Pizzolorusso v Metro Mech., LLC, 205 AD3d at 751). Since Hawkeye failed to meet its initial burden as the movant, its motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it was properly denied, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr, 64 NY2d 851, 853).
The Supreme Court also properly denied the LLC's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it or, in the alternative, for summary judgment on its cross-claim for common-law indemnification against Hawkeye. "An abutting landowner will be liable to a pedestrian injured by a defect in a public sidewalk only when the owner either created the condition or caused the defect to occur because of a special use, or when a statute or ordinance places an obligation to maintain the sidewalk on the owner and expressly makes the owner liable for injuries caused by a breach of that duty" (Petrillo v Town of Hempstead, 85 AD3d 996, 997; see Giuntini v City of New York, 226 AD3d 651, 652). Pursuant to Administrative Code of the City of New York § 7-210, "certain landowners of real property abutting any sidewalk in the City of New York have a duty to maintain a sidewalk in a reasonably safe condition" (Augustin v CS 87 Estates, LLC, 217 AD3d 818, 818-819 [internal quotation marks omitted]).
Here, the LLC established its prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that the concrete stoop complied with the applicable New York State building codes and did not constitute a dangerous or defective condition. In opposition, however, the plaintiffs raised triable issues of fact, among other things, as to whether the presence of the stoop constituted a special use of the sidewalk by the LLC (see Granville v City of New York, 211 AD2d 195, 197), and whether, under the circumstances, the stoop created optical confusion and thereby constituted a dangerous condition (see Matheis v Hunt Country Furniture, Inc., 140 AD3d 713, 714; Saretsky v 85 Kenmare Realty Corp., 85 AD3d 89, 92; Roros v Oliva, 54 AD3d 398, 400).
The LLC's remaining contentions are without merit.
DUFFY, J.P., CHRISTOPHER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court