Brown v City of New York (2025 NY Slip Op 05493)

Brown v City of New York

2025 NY Slip Op 05493

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2024-00181
 (Index No. 27507/09)

[*1]Trevor Brown, etc., et al., appellants, 
v
City of New York, et al., respondents.

G. Wesley Simpson, P.C., Brooklyn, NY, for appellants.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Jamison Davies and Martin Rowe III of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Consuelo Mallafre Melendez, J.), dated August 2, 2022. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The infant plaintiff allegedly sustained personal injuries when he attempted to do a cartwheel during a "free style dance" portion of his fourth-grade gym class at school. Thereafter, the infant plaintiff, by his mother and natural guardian, and his mother suing derivatively, commenced this action against the defendants, inter alia, to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint. In an order dated August 2, 2022, the Supreme Court granted the motion. The plaintiffs appeal.
"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Mirand v City of New York, 84 NY2d 44, 49; see D.M. v Yonkers City Sch. Dist., 220 AD3d 672, 672). "A school, however, is not an insurer of its students' safety and will be held liable only for foreseeable injuries proximately related to the absence of adequate supervision" (Paragas v Comsewogue Union Free School Dist., 65 AD3d 1111, 1111; see Acosta v Yonkers Pub. Schs., 228 AD3d 711). "'Moreover, where an accident occurs in so short a span of time that even the most intense supervision could not have prevented it, any lack of supervision is not the proximate cause of the injury'" (S.T. v Island Park Union Free Sch. Dist., 225 AD3d 924, 925-926, quoting Santos v City of New York, 138 AD3d 968, 969).
Here, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. The defendants demonstrated their prima facie entitlement to judgment as a matter of law by submitting, among other things, a transcript of the deposition testimony of the gym class teacher, which established, prima facie, that the infant plaintiff was adequately supervised and that, in any event, the alleged inadequacy in the level of supervision was not a proximate cause of the infant plaintiff's injuries (see Acosta v Yonkers Pub. Schs., 228 AD3d at 712; M.X. v City of New Rochelle, 218 AD3d 519, 520-521; J.F. v Brentwood Union Free Sch. [*2]Dist., 184 AD3d 806, 807; Gonzalez v South Huntington Union Free Sch. Dist., 176 AD3d 920, 920; Ascher v Scarsdale School Dist., 267 AD2d 339, 339).
In opposition, the plaintiffs failed to raise a triable issue of fact. Contrary to the plaintiffs' contention, the Supreme Court properly considered the unsigned but certified transcript of the deposition testimony of the gym class teacher in determining the defendants' motion (see Siyunova v 5420 Mgt. Corp., 203 AD3d 975, 977). Moreover, the plaintiffs' contention that the infant plaintiff fell due to a wet condition on the gym floor improperly raised a new theory of liability for the first time in opposition to the defendants' motion for summary judgment dismissing the complaint (see J.F. v Brentwood Union Free Sch. Dist., 184 AD3d at 807).
The plaintiffs' remaining contentions are either without merit or improperly raised for the first time on appeal.
GENOVESI, J.P., CHRISTOPHER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court