Tovar v Queens 111-02, LLC (2025 NY Slip Op 07427)

Tovar v Queens 111-02, LLC

2025 NY Slip Op 07427

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2024-05741
 (Index No. 708719/21)

[*1]Enid Tovar, respondent, 
vQueens 111-02, LLC, appellant.

The Gold Law Firm P.C., Bellmore, NY (Karen C. Higgins of counsel), for appellant.
Liakas Law, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Joshua Block], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Robert I. Caloras, J.), entered April 1, 2024. The order granted the plaintiff's motion for summary judgment on the issue of liability and denied the defendant's cross-motion for a declaration that various codes and guidelines cited in the plaintiff's bills of particulars and other papers are inapplicable to the instant action.
ORDERED that the order is affirmed, with costs.
In May 2020, the plaintiff allegedly tripped and fell on a defect in the sidewalk abutting the defendant's property. The plaintiff commenced this action against the defendant to recover damages for personal injuries, alleging, inter alia, that the defendant was negligent in failing to maintain the sidewalk where the accident occurred in a reasonably safe condition. After discovery was completed, the plaintiff moved for summary judgment on the issue of liability. The defendant opposed the motion and cross-moved for a declaration that various codes and guidelines cited in the plaintiff's bills of particulars and other papers are inapplicable to the instant action. In an order entered April 1, 2024, the Supreme Court granted the plaintiff's motion and denied the defendant's cross-motion. The defendant appeals.
"An owner or tenant in possession of realty owes a duty to maintain the property in a reasonably safe condition" (Farrar v Teicholz, 173 AD2d 674, 676). "To prove a prima facie case of negligence in a trip-and-fall case, a plaintiff is required to show that the defendant created the condition which caused the accident or that the defendant had actual or constructive notice of the condition" (Larsen v Congregation B'Nai Jeshurun of Staten Is., 29 AD3d 643, 643; see Wray v Galella, 172 AD3d 1446, 1447). "A defendant has constructive notice of a dangerous condition on property when the condition is visible and apparent and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it" (Carmenati v Sea Park E., L.P., 229 AD3d 757, 758; see Meade v New York City Hous. Auth., 189 AD3d 1390, 1391).
Here, in support of her motion, the plaintiff submitted, among other things, a transcript of her deposition testimony and an expert report from Scott M. Silberman, a professional engineer. During the plaintiff's deposition, she identified a photograph that depicted the area of the sidewalk where she fell. After her deposition, she circled the specific area where she fell on the photograph and submitted an affidavit authenticating the marked photograph. Silberman stated that he visited the accident site on June 23, 2020, approximately six weeks after the accident, and [*2]measured the height differential in the sidewalk defect where the plaintiff tripped to be three fourths of an inch. Silberman also identified the defect in several Google Maps images dating back to September 2013. Silberman opined, inter alia, that the defective condition was a significant contributing factor to the accident and that the defect existed for at least 6½ years. By submitting this evidence, the plaintiff demonstrated that the defect was visible and readily apparent for a sufficient length of time for the defendant to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837) and that the defendant violated its duty to maintain the sidewalk abutting its property in a reasonably safe condition (see Administrative Code of City of NY §§ 7-210, 19-152[a]; Shiu Ya Luo v Croyden Apts., Inc., 219 AD3d 1364, 1366). In opposition, the defendant failed to raise a triable issue of fact. Contrary to the defendant's contention, "[t]he fact that the plaintiff may have been the sole witness to the accident does not preclude an award of summary judgment in [her] favor," since the defendant "offered no evidence, other than mere speculation, to undermine the plaintiff's showing of entitlement to judgment as a matter of law, or present a bona fide issue regarding the plaintiff's credibility as to a material fact" (Melchor v Singh, 90 AD3d 866, 869).
In light of our determination, the defendant's contention that it was entitled to a declaration that various codes and guidelines cited in the plaintiff's bills of particulars and other papers are inapplicable to the instant action is academic.
Accordingly, we affirm the order.
DILLON, J.P., CONNOLLY, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court